**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD LAMONT SUTTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01499-JSD |
| | ) | |
| VALERIE HUHN, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on review of self-represented Plaintiff Ronald Lamont Sutton's filing with the Court. (ECF No. 1.) This document is defective as a case-initiating complaint because it was not drafted on a Court form and not signed by Plaintiff. *See* E.D. Mo. Local Rules 2.01(A)(1), 2.06(A). In addition, Plaintiff has neither paid the filing fee nor submitted a motion to proceed without prepaying fees or costs.[1] *See* 28 U.S.C. § 1915(a).

Based on a review of records from this Court and Missouri state court, Plaintiff is a civil detainee with the Missouri Department of Mental Health (MDMH). *See Sutton v. Luechtefeld*, No. 4:25-cv-00855-AGF, ECF No. 12 at n. 2 (E.D. Mo.) (citing *State v. Sutton*, No. 22DU-CR01465-01 (35th Jud. Cir., 2022) and explaining that Plaintiff was committed to the MDMH in January 2025 for competency restoration after a court-ordered mental exam). Plaintiff's case-initiating document is not titled, does not state what form of relief he seeks, and does not state what legal statute he seeks relief under. (*See* ECF Nos. 1, 1-1.) Plaintiff appears to complain about conditions of confinement but also, he seeks release from confinement. It is unclear to the

---

[1] The Court did receive an account statement from Plaintiff; however, this alone is not enough for seeking to proceed *in forma pauperis*. (*See* ECF No. 2.) Plaintiff must file a motion on the Court-provided form if he wishes to proceed without prepayment of fees and costs. He does not need to file another account statement.

Court whether Plaintiff intends for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by a plaintiff to see what type of action he is seeking. If a plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if a plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, Plaintiff does not state what relief he is seeking. Based on the allegations, this appears to be a "hybrid" action of some sort, where Plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254. The Court will not allow Plaintiff to proceed under both statutes simultaneously in one action. If Plaintiff wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes.

Plaintiff will be required to submit an amended complaint on a Court-provided form, clarifying his claims. Because it is unclear whether Plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court will direct the Clerk of Court to send Plaintiff forms for both types

-2-

of cases.   Plaintiff should inform the Court whether he intends for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate form in this case.   If Plaintiff wishes to pursue claims under both statutes, he will need to file a second, separate action in this Court.

Plaintiff is warned that if files a motion under § 2254,[2] any future § 2254 motions will be subject to the restrictions on filing second or successive motions.   That is, Plaintiff will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A).   Furthermore, Plaintiff is warned that § 2254 motions are subject to a one-year limitations period.   *See* 28 U.S.C.§ 2244(d).

Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint on the Court's form in accordance with the specific instructions set forth here.   All claims in the action must be included in one, centralized complaint form.   *See* Fed. R. Civ. P. 8(a).   Finally, Plaintiff will also have **thirty (30) days** from the date of this Order to file a motion to proceed *in forma pauperis* on the Court-provided form, or to pay the full filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form, '2254 Habeas Corpus Petition' form, and 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **thirty (30) days** of

---

[2] Plaintiff should be aware that in order to bring his habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so.   *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996).

the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full filing fee **or** submit an application to proceed without prepayment of fees and costs within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 3rd day of November, 2025.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE