**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RONALD LAMONT SUTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:25-cv-01499-JSD |
| ) | |
| VALERIE HUHN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On November 3, 2025, the Court ordered Plaintiff Ronald Lamont Sutton to file an amended complaint on the appropriate Court-provided form, in order to clarify his claims and requested relief. ECF No. 3 at 1-3. In the same Order, Plaintiff was also directed to either file a motion to proceed *in forma pauperis* on a court form, or to pay the full filling fee for this matter. *Id.* at 3. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of this case without further notice. *Id.* at 4. Plaintiff's response was due by December 3, 2025.

To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1). Plaintiff had neither paid the filing fee nor submitted a motion to proceed without prepayment. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's November 3, 2025 Order and his

failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of December, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE